**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARCUS THORNTON, : | |
| : | Civil No. 06-4727 (RBK) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | **OPINION** |
| JOHN NASH, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

    MARCUS THORNTON, Plaintiff pro se
    #53649-083
    FCI Fort Dix
    P.O. Box 7000/ West 5852
    Fort Dix, New Jersey 08640

**KUGLER, District Judge**

This matter comes before the Court upon pro se plaintiff, Marcus Thornton's ("Thornton") motion for reconsideration of this Court's February 5, 2007 Opinion and Order (Docket Entry Nos. 9 and 10) in which the Court dismissed the Complaint as against the United States of America based on sovereign immunity. Thornton filed his motion for reconsideration on or about February 18, 2007.[1] (Docket Entry No. 12).

---

[1] Thornton's motion is dated February 18, 2007, but was not received by the Court until March 26, 2007. The Court finds that Thornton "filed" his motion on the date he handed it to prison officials to be mailed to the Court for filing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Burns v. Morton, 134 F.3d 109,

The Court will consider petitioner's motion without oral argument pursuant to Fed.R.Civ.P. 78. For the reasons stated below, the motion is granted in part.

## I.   BACKGROUND

On or about October 2, 2006, Thornton filed a civil Complaint asserting numerous violations of his constitutional rights. Based on the pleading submitted by plaintiff, this Court construed Thornton's claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In an Opinion and Order filed on February 5, 2007, this Court dismissed the Complaint in its entirety as against the United States on the basis of sovereign immunity with respect to the Bivens claims asserted. (Docket Entry Nos. 9, 10).

Thornton now seeks to have this Court reconsider its dismissal of the United States from this action. In motion papers submitted to the Court, Thornton now appears to assert a cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq. Thornton also provides copies of the tort claim notice he filed and the letter from the Federal Bureau of Prisons Northeast Regional Office denying his claim.

---

113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution). Since the Court does not know the actual date that plaintiff handed his motion papers to prison officials for mailing, the Court will use the date Thornton signed and dated his motion, February 18, 2007.

## II.  ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original

4

hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Thornton argues that this Court made an error in dismissing the United States from this action on sovereign immunity grounds.  Thornton contends the United States consented to be sued under the FTCA.  However, the Complaint did not make out a claim under the FTCA, and plaintiff had not provided any of

5

the factual predicates necessary to assert a claim under the FTCA at that time.

Nevertheless, pro se pleadings must be construed liberally, and it is possible that a tort claim may have been interpreted from the initial Complaint.

The FTCA waives the federal government's sovereign immunity and gives a district court exclusive jurisdiction over civil actions

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). See Dolan v. U.S. Postal Service, 546 U.S. 481, 492-93 (2006)(citing 28 U.S.C. § 1346(b)(1)); Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 477 (1994); United States v. Muniz, 374 U.S. 150 (1963); McCloskey v. Mueller, 446 F.3d 262, 265 (1st Cir. 2006); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995).

However, a district court lacks jurisdiction over a federal tort claim unless the claimant has first exhausted administrative remedies. See 28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106 (1993); Deutsch, 67 F.3d at 1091. Specifically, 28 U.S.C. § 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Additionally, a tort claim against the United States is time-barred unless a claimant presents the claim in writing to the appropriate Federal agency within two years after the claim accrues, and files the action in the district court within six months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented. See 28 U.S.C. § 2401(b); Pascale v. United States, 998 F.2d 186, 190 (3d Cir. 1993).  The requirements that a claimant timely present his claim and that he do so in writing for a sum certain are jurisdictional prerequisites to a suit in the district court. Deutsch, 67 F.3d at 1091.

Here, Thornton provides documentation to show that he has met the jurisdictional predicates necessary to sue under the FTCA in a federal district court.  Therefore, this Court will vacate its February 5, 2007 Opinion and Order only to the extent that the Order dismissed the United States as a defendant on the doctrine of sovereign immunity.  The United States will be reinstated as a defendant, and Thornton's letter dated February 18, 2007 (Docket Entry No. 12) will be deemed as an amendment to

the Complaint raising a claim under the FTCA.  The Clerk of the Court will be directed to issue a summons and the United States Marshal will be directed to serve a copy of the Complaint, the amendment, summons, and this Order upon all defendants including the United States.

### III. CONCLUSION

Therefore, for the reasons expressed above, Thornton's motion for reconsideration will be granted, and the United States will be re-instated as a defendant in this matter.  This Court's February 5, 2007 Opinion and Order will be vacated only to the extent that the United States had been dismissed from this action and is now re-instated.  The Clerk is directed to make sure the Complaint and amended complaint is served upon all defendants, including the United States.  An appropriate Order follows.


                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge
Dated: November 21, 2007