(Not for publication)                                           (Docket Entry No. 56)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                          :
MARCUS THORNTON,                          :
                                          :
                    Plaintiff,            :        Civil No. 06-4727 (RBK/AMD)
                                          :
          v.                              :        **OPINION**
                                          :
JOHN NASH, et al.,                        :
                                          :
                    Defendants.           :
_____ :

**KUGLER**, United States District Judge:

        Presently before the Court is a motion by Defendants John Nash, Lynn Hunter, Robert

Donahue and James Reiser ("Defendants") seeking summary judgment against Plaintiff Marcus

Thornton ("Plaintiff") on Plaintiff's claims pursuant to Bivens v. Six Unknown Named Agents of

Fed. Bureau of Narcotics, 403 U.S. 388 (1971) for violations of his First and Fifth Amendment

rights.  For the reasons set forth below, Defendants' motion will be granted.

## I. BACKGROUND

### A. Plaintiff's Allegations

        Plaintiff is a federal prisoner who was confined at the Federal Correctional Institution in

Fort Dix, New Jersey ("FCI Fort Dix") when the events giving rise to this action occurred.[1]  At

that time, Defendant Donahue was the Case Management Coordinator for FCI Fort Dix,

_____

        [1]  Plaintiff is currently confined at FCI Petersburg in Virginia.

1

Westside Compound.  Defendant Reiser was the Case Manager at FCI Fort Dix, Defendant

Hunter was a Lieutenant, and Defendant Nash was the warden.  (Amended Complaint at ¶¶ 1-5.)

According to Plaintiff, on September 12, 2005 Donahue searched him in an inappropriate

manner and Hunter threatened him when he protested.[2]  Plaintiff alleges that on September 13,

2005, Hunter and Donahue filed a false report about this incident.  (Amended Complaint at ¶ 6-8,

10.)  Based on this report, Plaintiff was charged with insolence towards a staff member and

refusing to obey an order of a staff member.  After a disciplinary hearing before the Unit

Discipline Committee ("UDC"), of which Defendant Reiser was the chair, Plaintiff was found

guilty of insolence toward a staff member.  The UDC imposed the following sanctions: fifteen

days of disciplinary segregation, disallowance of thirteen days of good conduct time, forfeiture of

ten days of good conduct time, and loss of phone and visiting privileges for thirty days.

(Amended Complaint at ¶ 11; Moran Decl. Ex. 1).  Plaintiff alleges that Reiser agreed with

Donahue to deprive Plaintiff of his rights and wrote a false record of Plaintiff's statements during

the hearing.  (Amended Complaint at ¶ 11.)

Plaintiff alleges that Reiser denied his request for an administrative remedy form to

appeal the decision of the UDC.  Plaintiff further alleges that he was "denied the right to be heard

before a non-partial fact-finding body and the right to review evidence against him and records of

the U.D.C. disposition."  (Amended Complaint at ¶ 12.)

Plaintiff also alleges that Reiser harassed him on March 18, 2006, in retaliation for filing

administrative remedies against Reiser and other staff members for incidents that occurred

---

[2] Plaintiff's original complaint contained a claim for sexual harassment based on the
September 12 incident.  The Court dismissed this claim, among others, on February 5, 2007.

2

between September 2, 2003 and September 12, 2005. (Amended Complaint at ¶ 13.)

### B.  Procedural History

Plaintiff filed his Amended Complaint on May 12, 2008, alleging that Nash, Hunter, Donahue, and Reiser conspired to deprive Plaintiff of his rights and authorized retaliatory actions against him in violation of the First Amendment.  Plaintiff also alleged that Reiser's acts violated the Fifth Amendment.  He seeks monetary damages, injunctive relief, and a declaratory judgment.  Defendants filed the instant motion on September 11, 2008.  Plaintiff did not file an opposition brief.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact."  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996).  The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  Fed. R. Civ. P. 56(e)(2).

3

## III.  DISCUSSION

Defendants argue that they are entitled to summary judgment on Plaintiff's claims because (1) Plaintiff's claims based on his prison disciplinary proceeding are barred under Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997); (2) Plaintiff cannot establish his claims against Nash because these claims are based on the doctrine of respondeat superior; (3) Plaintiff cannot establish any claim concerning the incident on March 18, 2006; and (4) Plaintiff failed to exhaust his administrative remedies with regard to claims concerning the March 18 incident.

### A.  Claims Based on Disciplinary Proceeding

The Court finds that Plaintiff's First and Fifth Amendment claims regarding his disciplinary hearing are barred under Preiser v. Rodriguez, 411 U.S. 475 (1973), Heck v. Humphrey, 512 U.S. 477, and Edwards v. Balisok, 520 U.S. 641.[3]

First, Plaintiff's claims for injunctive relief are barred by the Supreme Court's decision in Preiser v. Rodriguez, 411 U.S. 475.   In Preiser, the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.  The plaintiffs in Preiser, who lost good time credits after they were found guilty of disciplinary violations,

---

[3] While Preiser, Heck, and Balisok all involved § 1983 cases, courts have extended their holdings to Bivens actions.  See Lora-Pena v. F.B.I., 529 F.3d 503, 506 n.2 (3d Cir. 2008) ("Although Heck involved a § 1983 action by a state prisoner, the reasoning in Heck has been applied to bar Bivens claims" (citing Williams v. Hill, 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam)).

claimed that they had been denied due process of law and sought restoration of good-time credits that had been cancelled.  Id. at 476, 478-81.  The Court found that the plaintiffs could not bring their suit pursuant to 42 U.S.C. § 1983.  Id. at 500.  Similarly, the proper way for Plaintiff in this case to seek restoration of his good time credits is through a habeas petition.

Furthermore, Plaintiff's claims for monetary and declaratory relief are barred under Heck v. Humphrey, 512 U.S. 477, and Edwards v. Balisok, 520 U.S. 641.  Under some circumstances, a prisoner may bring a Bivens claim for monetary damages based on the denial of due process during a prison disciplinary hearing.  See Wolff v. McDonnell, 418 U.S. 539, 554 (1974) (stating that plaintiff's § 1983 "damages claim was . . . properly before the District Court and required determination of the validity of the procedures employed for imposing sanctions, including loss of good time, for flagrant or serious misconduct").  However, such due process claims cannot be brought in a Bivens action where the claims "necessarily imply the invalidity of the punishment imposed" unless the plaintiff shows that the sanctions have been overturned.  See Balisok, 520 U.S. at 648 (finding claims for declaratory and monetary relief based on allegations that plaintiff was denied opportunity to present a defense and that hearing officer was biased could not be brought pursuant to § 1983); Heck, 512 U.S. at 486-87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.").

Similarly, claims that disciplinary proceedings were filed in retaliation for a prisoner's

exercise of his First Amendment rights are barred where the prisoner's success on such claims would "necessarily imply the invalidity of the deprivation of his good-time credits."  See Balisok, 520 U.S. at 646, 648; cf. Muhammad v. Close, 540 U.S. 749, 754-55 (2004) (finding retaliation claim not barred by Heck because challenged disciplinary proceeding did not affect duration of sentence).  But see Woods v. Smith, 60 F.3d 1161, 1164-66 (5th Cir. 1995) (rejecting argument that prisoner could not bring § 1983 retaliation action "unless he first establishes that the underlying disciplinary proceedings were terminated in his favor")[4], cert. denied, Palermo v. Woods, 516 U.S. 1084 (1996).

Here, Plaintiff is essentially challenging the results of the disciplinary proceeding.  He seeks restoration of his good time credits and expungement of the conviction from his record.  In addition, a favorable outcome on his claims for monetary damages would necessarily imply the invalidity of the disciplinary finding and sanctions.  Plaintiff has not shown that the finding of the disciplinary committee or the sanctions imposed have been overturned.  Therefore, Plaintiff's claims based on the disciplinary proceedings are dismissed.

**B.  Claims Against Nash**

The Court will grant Defendants' motion for summary judgment with respect to the claims against Nash, who was the warden at FCI Fort Dix when the actions giving rise to Plaintiff's suit occurred.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat*

---

[4] The plaintiff in Woods challenged a disciplinary proceeding that did not affect the duration of his sentence.  See Woods, 60 F.3d at 1163 (noting that after disciplinary hearing, plaintiff "was sentenced to four weeks loss of canteen, ten days isolation, and a change in quarters").

*superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Id.  Here, Plaintiff alleges that Nash "conspired to deprive Plaintiff of rights and authorized retaliatory actions against Plaintiff violating [the First Amendment]." (Amended Complaint at ¶ 16.)  However, Plaintiff has not presented any evidence that Nash was personally involved in any alleged violations of Plaintiff's First Amendment rights.  Nor has Plaintiff presented any evidence that Nash had knowledge of prison employees violating Plaintiff's constitutional rights.  Therefore, Defendants are entitled to summary judgment with respect to claims against Nash.

### C.  Claims Based on March 18, 2006 Incident

Defendants have moved for summary judgment on Plaintiff's claims arising out of the March 18, 2006 incident in which Plaintiff alleges that Reiser harassed him in retaliation for filing administrative remedies against Reiser, Donahue and other prison staff.  First, Defendants argue that Plaintiff cannot establish an Eighth Amendment harassment claim or a First Amendment retaliation claim.  Second, Defendants argue that Plaintiff has not exhausted his administrative remedies with respect to the March 18 incident.  Because the Court finds that Plaintiff has not asserted an Eighth Amendment claim and has not presented evidence sufficient to establish a First Amendment claim, Defendants are entitled to summary judgment with respect to the March 18 incident.  Therefore, the Court will not address whether Plaintiff has exhausted his administrative remedies.

Defendants argue that Plaintiff cannot establish an Eighth Amendment harassment claim. However, the Court finds that Plaintiff has not asserted an Eighth Amendment claim.  His

Amended Complaint states that Defendants violated his First and Fifth Amendment rights.  (<u>See</u> Amended Complaint at ¶¶ 14-19.)

While Plaintiff has not asserted an Eighth Amendment claim, he has asserted a First Amendment claim against Reiser, alleging that Reiser retaliated against him for filing administrative complaints.  Plaintiff has not, however, pointed to evidence that substantiates this claim.  "[A] prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected."  <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001).  Next, the prisoner-plaintiff "must show that he suffered some 'adverse action' at the hands of the prison officials."  <u>Id.</u>  "[A] prisoner-plaintiff satisfies this requirement by demonstrating that the action 'was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights.'"  <u>Id.</u> (quoting  <u>Allah v. Seiverling</u>, 229 F.3d 220, 225 (3d Cir. 2000)).  Finally, the prisoner-plaintiff must show "that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision."  <u>Rauser</u>, 241 F.3d at 334.  If the plaintiff makes this showing, the burden shifts to the defendants to show "that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."  <u>Id.</u>

Here, the only evidence before the Court concerning the March 18 incident is the Request for Administrative Remedy filed by Plaintiff on March 21, 2006.  (Moran Decl. Ex. 4.)  In this request, Plaintiff's account of the events of March 18 does not suggest that Reiser retaliated against him for filing complaints in the past.  (<u>Id.</u>)  Furthermore, the only grievances in the record were filed after March 18, 2006.  Finally, Plaintiff complains only of one incident of verbal abuse, which does not rise to the level of a constitutional violation.  <u>See</u> <u>Wilson v. Horn</u>, 971 F.

Supp. 943, 947-48 (E.D. Pa. 1997) (finding no retaliation claim where plaintiff complained that defendants "verbally abused and harassed him by deliberately making noise outside his cell, criticizing him, and being hostile towards him" and "retaliated against him for filing grievances"), aff'd, 142 F.3d 430 (3d Cir. 1998).

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted and this matter is dismissed.  An accompanying order shall issue today.


Dated:  5-1-09                                   /s/ Robert B. Kugler
                                                 ROBERT B. KUGLER
                                                 United States District Judge